UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID WILSON,

        Plaintiff,

v.                                                                                                             Case No. 14-C-0798

KAREN ANDERSON,

        Defendant.

## SCREENING ORDER

Plaintiff David Wilson, who is incarcerated at Columbia Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's petition to proceed *in forma pauperis* and his motion to withdraw the full filing fee from his release account. (ECF No. 2, 6.) The plaintiff has been assessed an initial partial filing fee of $12.60, which for reasons explained below will be paid out of his release account. His petition to proceed *in forma pauperis* will be granted.

The court is also required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement

2

to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff provided just a single sentence of alleged facts: "Karen Anderson, the HSU Manager at CCI, failed to provide me with the standard of medical care and treatment by continuing to facilitate and approve the ineffective course of treatment HSU staff at CCI were providing, and failed to provide me with any effective pain medication." (Compl. 3, ECF No. 1.) Other than alleging that Karen Anderson is the HSU Manager at the Columbia Correctional Institution and that he did not receive effective pain medication, the complaint does not allege any other facts to form the basis of a valid claim under § 1983. While it is true that deliberate indifferent to a serious medical need is a violation of the Eighth Amendment, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994), Plaintiff's invocation of this rule as a legal conclusion is not sufficient to state a claim. At a minimum, Plaintiff needs to indicate what his serious medical need was or is, what course of treatment he received, when he received it, and how Karen Anderson was personally involved. A complaint can be a "short and plain statement" so long as it "gives fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544 at 555. Because the complaint is

3

essentially devoid of factual content that must be accepted as true at this stage, Plaintiff's complaint is not plausible. *Iqbal*, 556 U.S. at 678.

If Plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described above. The amended complaint must be filed on or before **August 29, 2014**. Failure to file an amended complaint within this time period will result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

There remains the issue of the filing fee. Petitioner has requested that the full amount of the filing fee be paid out of his release account. A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence. Wis. Adm. Code § DOC 309.466. Although the Court can order disbursement from the release account for payment of the initial partial filing fee, the PLRA does not require the Court to invade that account for payment of the balance. *See* 28 U.S.C. § 1915(b). The balance of payments, after the initial payment, is to equal "twenty percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account

4

balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005); *see also Doty v. Doyle*, 182 F. Supp. 2d 750 (E.D. Wis. 2002). Given the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, I decline to order Plaintiff's full filing fee to be paid from such account.

As noted, the Court can order disbursement from the release account for the initial partial filing fee. The Court will therefore construe Plaintiff's motion as a request for a court order directing the initial partial filing fee of $12.60 be removed from his release account. Based on his filed trust account statement, it appears that Plaintiff has no money in his regular account. Accordingly, the Court will grant Plaintiff's motion and direct the prison officials to pay the initial partial filing fee assessed by the Court of $12.60 out of his release account, to the extent that funds in his regular account do not cover the entire amount. Thereafter, however, all payments will be made out of Plaintiff's regular account.

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED.** The initial partial filing fee of $12.60 shall be paid out of plaintiff's release account**.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. Plaintiff is granted leave to file an amended complaint on or before August 29, 2014. In the event that he does not do so, the action will be dismissed.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.40 balance

of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this  23rd   day of July, 2014.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court